(No. 86-CV-0788—

*In re* APPLICATION OF LILLIAN KOSROW.

*Opinion filed April 28, 1986.*

LILLIAN KOSROW, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SALLIE MANLEY, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on March 2, 1985. Lillian Kosrow, sister of the deceased victim, Mary Ann Hoffman, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on January 21, 1986, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased sister, Mary Ann Hoffman, age 44, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: reckless homicide. Ill. Rev. Stat. 1979, ch. 38, par. 9—3.

2. That on March 2, 1985, the victim was killed as the result of a head-on automobile accident. The incident occurred at Route 12 and Bonner Road, Wauconda, Illinois. Investigation by police officials revealed that the offender drove his vehicle into the path of the automobile in which the victim was traveling, killing the victim and two other passengers. The victim was transported to Good Shepherd Hospital where she expired. The offender was apprehended and charged with reckless homicide. The criminal proceedings against him are currently pending.

3. That the Claimant seeks compensation for funeral expenses and for loss of support for the victim's minor children, Lawrence William Hoffman born April 23, 1970, and Julie Ann Hoffman born May 9, 1971.

4. That the Claimant incurred funeral and burial expenses in the amount of $525.00. Pursuant to section 2(h) of the Act, funeral and burial expenses are compensable to a maximum award of $2,000.00.

5. That the victim's minor children were dependent upon the victim for support.

6. That on November 1, 1985, under No. 82 D 1213, in the Circuit Court of Lake County, State of Illinois, the Claimant, Lillian Kosrow was granted custody of Lawrence William Hoffman and Julie Ann Hoffman.

7. That the youngest of the victim's minor children, Julie Ann Hoffman, born May 9, 1971, was 13 years 10 months of age at the time of the incident. Julie Ann Hoffman will attain the age of majority on May 9, 1989, which is 50 months after the incident.

8. That prior to her death, the victim was employed by Town Hall Estates and her average monthly earnings were $711.73.

9. That section 2(h) of the Act states ". . . loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less."

10. That based on $711.73 per month, the maximum compensation for loss of support for 50 months, which is the maximum period for loss of support for the victim's youngest child, is $35,586.50, which is in excess of the $15,000.00 maximum allowed in section 10.1(f) of the Act.

11. That this claim complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

12. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dramshop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

13. That the Claimant has received nothing in reimbursements as a result of the victim's death that can be counted as an applicable deduction under section 7.1(a)(7) of the Act.

14. That the Claimant has indicated that a civil action may be filed as a result of the incident. The Claimant, by informing the Attorney General's office of the possibility of a civil action, has acknowledged her responsibility to further notify the Attorney General of the filing of the civil action and of its final disposition, pursuant to section 17 of the Act.

15. That after making all the applicable deductions under the Act, the pecuniary loss resulting from the victim's death is in excess of the $15,000.00 maximum allowed in section 10.1(f) of the Act.

16. That the Claimant's interest would be best served if the award hereunder would be paid pursuant to the installment provision of section 11.1 of the Act.

It is therefore, hereby ordered that the sum of $15,000.00 (fifteen thousand dollars) be and is hereby awarded to Lillian Kosrow, sister of Mary Ann Hoffman, an innocent victim of a violent crime, to be paid and disbursed to her as follows:

(a) $1,000.00 (one thousand dollars) to be paid to Lillian Kosrow;

(b) 20 (twenty) equal monthly payments of $700.00 (seven hundred dollars) each to be paid to Lillian Kosrow for the use and benefit of Lawrence William Hoffman and Julie Ann Hoffman;

(c) In the event of the death or marriage of the Claimant or the Claimant's children, it is the duty of the personal representative of the Claimant to inform this Court in writing of such death or marriage for the purpose of the possible modification of the award.